Jeffrey Steele FORGY *v.* STATE of Arkansas

CR 90-26                                    790 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered June 11, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Ted Thomas*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. At 4:00 on the afternoon of July 7, 1989, Jason Bowman and his friend, Joel Fox, both eighteen years old, drove in Fox's truck to the Bowman home in the Heights section of Little Rock. As they arrived, they saw a pickup truck in the driveway. It was white with "Toyota" written in orange letters on the tailgate and had a black liner in the bed. It did not have a visible license plate. Jason's dog was barking outside the home. Jason got out of Fox's truck and walked toward the house. At the same time, a stranger came toward Jason from around the side of the garage near a patio area. Jason asked the stranger if he could help him. The man responded that he had received a call that someone was in the house, and he had to come check on it. The stranger continued to walk past Jason while Jason walked to the house. At the same time, Joel, who was near his own truck, observed the man. As Jason approached the garage to open a door that leads from the garage into the house, he noticed the door was splintered and had been forced open. He immediately turned and saw the stranger driving away in the white pickup truck. He tried to get a license plate number, but realized no plate was displayed. He next discovered the doors leading into the house were open. He subsequently found the patio door was also open. The patio door leads to the area from which the stranger came. Jason phoned his father who, in turn, called the police. When Jason's mother, Sharon Bowman, arrived, she noticed that doors to cabinets in the bedroom were open, and she observed black scrape marks on a white shelf inside the cabinet. A portable television set still sat on the shelf.

A detective was unable to lift any clear fingerprints. A few days later, on July 11, Jason and Joel identified appellant from a photo spread. On July 16, the police caught appellant. At the time, he was driving a white Toyota pickup truck but this time it

had a license plate displayed. Jason and Joel identified the truck and, at trial, identified the appellant as the man whom they had seen at the Bowman residence.

The prosecutor filed an information charging appellant with one count of burglary and one count of theft of property. Other charges, not material to this opinion were also filed. At trial the count of theft of property was amended to attempted theft of property.

After the State had presented its evidence, the court granted a directed verdict on the attempted theft of property charge. On appeal, the appellant argues that the trial court erred in refusing to also grant a directed verdict on the burglary charge. The crime of burglary involves two elements: (1) that the defendant entered or remained unlawfully in an occupiable structure of another person and (2) that he did so with the purpose of committing therein an offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a) (1987). The jury must find that the defendant had the purpose to commit a particular offense. *Oliver v. State*, 286 Ark. 198, 200, 691 S.W.2d 842, 843 (1985). Criminal intent cannot be presumed from the mere showing of illegal entry. *Norton v. State*, 271 Ark. 451, 453-54, 609 S.W.2d 1, 3 (1980).

When viewed in the light most favorable to the appellee, as we must do, the evidence shows that appellant left the Bowman residence when Jason and Joel arrived. In leaving he came from an area where a patio door had been opened. Another nearby door had been forced open. Just like the patio door, it was closed when the family left home that morning. The appellant gave Jason and Joel an implausible explanation for his presence. All together, this constitutes sufficient evidence to support a finding that appellant had unlawfully entered the Bowman residence.

The only other issue is whether there was sufficient proof to show that appellant unlawfully entered the residence for the purpose of committing an offense punishable by imprisonment. Proof of purpose to commit an offense may be inferred from circumstantial evidence. Here, appellant drove to the Bowman residence, and, for the reasons set out above, circumstantial evidence shows he broke in. In addition, cabinet doors in the bedroom were opened. There were scrape marks on the cabinet

shelf next to the television set. The scrape marks were new, as Sharon Bowman first noticed them after appellant was at her residence. Appellant left the home at the moment Jason and Joel arrived. He left in his truck which had no visible license plate. This constitutes circumstantial evidence from which the jury could conclude that appellant entered the home with the intent of committing a theft, and in fact, had found the portable television set in the cabinet and started to remove it, when the attempted theft was thwarted by Jason and Joel's arrival.

The appellant points out that the trial court granted a directed verdict on the attempted theft of property and, from that, argues he cannot be guilty of entering the house to commit a theft. The argument misses the mark. The State offered substantial circumstantial evidence from which the jury could find that appellant entered the home "with the purpose of" committing a theft. The fact that he did not accomplish that purpose does not matter.

The appellant next argues that the information was defective because it did not specify the offense underlying the burglary. Here, the appellant brought eleven (11) pro se motions to court. None of them were actually filed, and we have no way of knowing their full content. One of them is mentioned in the record as being a "motion to quash the information for reasons of duplicity, violation of prohibition against double jeopardy, and inadequate notice of charges." That part of the motion going to "inadequate notice of charges" possibly could be on the same subject as this point of appeal, but we have no way of knowing because it was not argued. Further, the trial judge did not rule on a motion concerning a defect in the information because of a failure to specify the underlying charge. We will not consider a matter in the absence of a record showing that the issue was raised below and the trial judge ruled on it. *Roper v. State*, 296 Ark. 292, 756 S.W.2d 124 (1988).

Affirmed.