634

Willie B. GILMER *v.*
Don MASSEY, Records Office Supervisor, et al.

90-148                                      799 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered November 19, 1990

*Willie B. Gilmer*, pro se.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Willie B. Gilmer, a

prison inmate, filed suit for declaratory judgment and writ of mandamus challenging the parole eligibility date set for him by the appellee, Don Massey, Records Office Supervisor. The trial court denied appellant's requested relief. We affirm.

On March 15, 1979, appellant was convicted of interfering with a police officer and was sentenced to a term of five years in the Arkansas Department of Corrections. He was paroled in January 1980. While still on parole, on March 22, 1981, appellant was again arrested and charged with aggravated robbery, burglary, and theft of property. His parole was revoked, and he was subsequently found guilty of each of the charges. He was sentenced to fifty (50) years on the aggravated robbery charge, twenty (20) years on the burglary charge, and ten (10) years on the theft of property charge. The sentences were ordered to be served concurrent to each other, but consecutive to the time appellant was already serving on his original conviction. In February 1989, appellant's parole eligibility date was determined to be past due. However, that eligibility date was subsequently determined to be erroneous, and a new eligibility date was set for a later time. It is the latter date which appellant challenges.

Appellant first argues that he should have been classified as a first offender rather than a second offender under the reasoning of *Bosnick* v. *Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984). The argument has no merit.

We addressed an identical argument in *Michalek* v. *Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987), where we explained that *Bosnick* is not applicable to this type situation. That is, in *Bosnick* a new parole eligibility act was enacted between the defendant's first and second convictions, and the question was which act would control the cumulative sentence. We explained that under those circumstances the parole eligibility statute governing the original sentence should control the cumulative sentence. Here, however, as in *Michalek*, the parole eligibility laws have not changed. Rather, appellant's status has changed from first offender to second offender as a result of his commission of subsequent offenses. See Ark. Code Ann. § 16-93-603(2) (1987).

Appellant also argues that application of the parole eligibility statute in this fashion denies him equal protection because it

has never been applied in that fashion before. There is absolutely no foundation in the record for arguing a violation of equal protection. Further, the *Michalek* case, *supra*, belies appellant's argument that the statute has never before been applied in that fashion.

Appellant next argues that requiring him to serve one-half ($^1/_2$) of his original sentence, on which he was only required to serve one-third ($^1/_3$) at the time of the commission of the original offense, violates the prohibition against *ex post facto laws*. The short answer to the argument is that there is no new law after the fact. All proceedings are under the same act. The increase in the time appellant must serve before he will be eligible for parole resulted from his commission of subsequent offenses. It has nothing to do with any change in legislation.

Next, appellant argues that the trial court denied him due process of law by failing to accord him the procedures mandated by Ark. Code Ann. § 16-115-104 (1987). Even if the statutory procedure for mandamus was not precisely followed, that fact will not void a conviction. *See Halfacre* v. *State*, 292 Ark. 329, 731 S.W.2d 182 (1987). Neither will it shorten the length of time appellant must serve before being eligible for parole.

Ark. Code Ann. § 16-115-104 (1987) provides:

(b) Upon the written application of the petitioner or any other interested party, it shall be the *mandatory duty* of the judge or chancellor having jurisdiction to fix and announce a day of court to be held no sooner than two (2) and no longer than seven (7) days thereafter to hear and determine the cause.

Appellant specifically requested a hearing pursuant to the above statute by motion filed June 7, 1989. A hearing was not held in the next seven days. Clearly, the trial court did not follow the procedure mandated by the statute. As in the case of illegal arrests, however, that fact will not void appellant's conviction, and neither will it shorten the length of time that he must serve before being eligible for parole. In short, the trial court's failure to accord the procedure mandated by the statute was error, but that error does not entitle appellant to the remedy requested.

Finally, appellant raises another equal protection argu-

ment with respect to the trial court's failure to accord the procedure mandated by Ark. Code Ann. § 16-115-104 (1987). The argument is raised for the first time on appeal, and there is no evidence of record to support it. In the absence of a record showing that the matter was raised below and that the trial judge ruled on it, the matter will not be considered on appeal. *Forgy* v. *State*, 302 Ark. 435, 790 S.W.2d 173 (1990).

Affirmed.