**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Alvaro R. PEREZ, Defendant–Appellant.**

**No. 93CA0822.**

Colorado Court of Appeals, Div. II.

Oct. 6, 1994.

Rehearing Denied Nov. 3, 1994.

Certiorari Denied June 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jacque Lyn Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Jonathan S. Willett, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Alvaro R. Perez, appeals from the trial court's order denying his Crim.P. 35(c) motion as time-barred under § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). We affirm.

On May 30, 1986, defendant pled guilty to first degree sexual assault and violent crime and was sentenced to the Department of Corrections for fifteen years. On September 4, 1992, after the time for attacking that conviction had expired pursuant to § 16–5–402, the defendant launched such an attack by filing a Crim.P. 35(c) motion. In his motion, he alleges that he entered into his plea with the understanding, based on counsel's advice, that he would be eligible for mandatory parole after he served approximately one-half of his fifteen-year sentence.

At the time defendant entered into his plea, the parole board interpreted the law as requiring mandatory parole for persons convicted of a sex offense except those sentenced under the Sex Offenders Act, § 16–13–201, et seq., C.R.S. (1986 Repl.Vol. 8A). Defendant, while convicted of a sex offense, was not sentenced under the Sex Offenders Act which the parole board has always construed as permitting discretionary parole.

In January 1989, based upon an opinion of the Colorado Attorney General, the parole board changed its interpretation of the law with respect to parole decisions for persons convicted of sex offenses as defined in § 16–13–202(5), C.R.S. (1986 Repl.Vol. 8A), but not sentenced under the Sex Offenders Act, and determined that the parole decision was discretionary, not mandatory. This interpretation was approved by our supreme court in *Thiret v. Kautzky,* 792 P.2d 801 (Colo.1990).

Subsequently, our supreme court held that the retrospective application of *Thiret* did not deny prisoners due process of law. The court stated:

> We believe that our decision in *Thiret* was foreseeable and, therefore, that Aue had fair warning that the crimes for which he was sentenced would be subject to discretionary parole.

*Aue v. Diesslin,* 798 P.2d 436, 441 (Colo. 1990).

In both *Thiret* and *Diesslin,* our supreme court made it clear that the parole board had erroneously construed the statutes as making parole mandatory, not discretionary, for persons such as defendant. Therefore, there was no change in the law, only its interpretation.

The trial court initially held that defendant had failed to demonstrate excusable neglect for the late filing of his Crim.P. 35(c) motion under § 16–5–402 and denied the motion as untimely. Defendant appealed that ruling to this court and, while his appeal was pending, successfully requested a limited remand for reconsideration by the trial court in light of the standards set forth in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993). On remand, the trial court again found that defendant had failed to show excusable neglect and also denied the motion on its merits.

Defendant contends that the trial court, on remand, misapplied the standards set forth in *People v. Wiedemer, supra,* and, thus, erred in determining that he had failed to

demonstrate excusable neglect under § 16–5–402. We disagree.

Section 16–5–402 limits the time within which an accused may attack the validity of a prior felony conviction to three years. An accused may, however, attack a conviction out of time if he or she can establish that the "failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect." Section 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A).

The nonexhaustive list of the factors relevant to an excusable neglect determination set forth by our supreme court in *People v. Wiedemer, supra,* include: (1) whether there existed circumstances or outside influences preventing a challenge to a prior conviction; (2) whether a defendant having reason to question the constitutionality of a conviction investigates its validity and takes advantage of avenues of relief that are available to him; (3) whether a defendant had any previous need to challenge the conviction; (4) whether a defendant either knew that his conviction was constitutionally infirm or had reason to question its validity; (5) whether a defendant had other means of preventing the government's use of the conviction so that a post-conviction challenge was previously unnecessary; plus (6) the length of time that has elapsed between the date of conviction and defendant's challenge; and (7) the effect that such period has on the State's ability to defend against the challenge.

Defendant argues that he had no reason to question, nor did he have a need to challenge, the validity of his plea, conviction, and sentence prior to *Thiret.* He contends that he relied on the parole board's prior interpretation when he entered his plea and characterizes the decision in *Thiret* as a change in the law that has been applied retroactively to him. Therefore, he concludes, he has established excusable neglect for the late filing of his Crim.P. 35(c) motion.

A prisoner does not have a vested right in a favorable but erroneous interpretation of the law. In addition, the parole board does not have the power "to deprive the state Supreme Court of the right to construe the statute authoritatively." *Aue v. Diesslin, supra,* at 441.

We conclude, contrary to defendant's contention, that the applicable law regarding parole has stayed constant and was properly codified and readily available. It is only the parole board's interpretation of that law that has changed. Defendant's misplaced reliance on the parole board's interpretation of the statute does not constitute justifiable excuse or excusable neglect. Moreover, the parole board still has discretion to release defendant, and may release him, before he completes the remainder of his sentence.

Therefore, we agree with the trial court that defendant has not demonstrated excusable neglect for his failure to seek timely relief.

Because of our resolution of this issue, we need not address the trial court's alternate holding on the merits of the motion.

Order affirmed.

PLANK and HUME, JJ., concur.