**Jeffrey Steele FORGY, Appellant,**

v.

**Larry NORRIS, Director, Arkansas Department of Correction, Appellee.**

**No. 94–3762.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1995.

Decided Aug. 28, 1995.

Rehearing Denied Oct. 6, 1995.

400

Howard B. Eisenberg, Little Rock, AR, argued, for appellant.

Pamela Rumpz, Asst. Atty. Gen., argued (Olan W. Reeves, Sr. Asst. Atty. Gen., on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MURPHY, Circuit Judge, and DAVIS,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

Jeffrey Steele Forgy appeals the District Court's denial of his petition for a writ of habeas corpus. Charged with and convicted of burglary, Forgy argues that the information failed to specify the basis of the burglary charge and that this failure violated his constitutional right "to be informed of the nature and cause of the accusation" against him.[1] U.S. Const. Amend. VI, made applicable to the States by the Fourteenth Amendment. We agree. We therefore reverse the judgment of the District Court and remand with directions to the District Court to issue a writ of habeas corpus releasing Forgy, unless the State of Arkansas commences proceedings to retry him within a reasonable time.

I.

The original information charged Forgy with burglary and theft. Count I charged that Forgy "did enter or remain unlawfully in [a] residence ... with the purpose of committing therein an offense punishable by

* The Hon. Michael J. Davis, United States District Judge for the District of Minnesota, sitting by designation.

1. Forgy also argues that the evidence at trial was insufficient to show that he had the intent to commit any specific crime when he entered the residence. We disagree, essentially for the reasons given by the Supreme Court of Arkansas on direct appeal.

imprisonment." Count II charged him with the theft of property from that residence.[2]

The burglary count did not specify what crime Forgy allegedly intended to commit when he entered the residence. Forgy objected to this omission at the omnibus hearing, where he presented the judge with a handwritten, pro se motion in which he complained that the burglary count did "not adequately apprise him of the charges against him [since it failed] to contain any information regarding *what* offense, punishable by imprisonment, the defendant intended to commit or did commit." Motion to Quash the Information for Reasons of Duplicity, Violation of Prohibition Against Double Jeopardy, Overlapping Statutes, and Inadequate Notice of the Charges, No. CR–89–1808, at 10 (Oct. 13, 1989, Ark. Cir. Ct. for Pulaski County). Forgy argued in his motion that he was "prejudiced by the lack of adequate notice of the charges ... against him" because he could not prepare his defense "without knowing the specific crime ... which elevates the charge to burglary." *Id.* at 11. The judge denied the motion on the merits over Forgy's objections, apparently assuming that the offense underlying the burglary count was the theft charged in Count II. (Hearing Tr. at 32).

The prosecutor, however, withdrew the theft charge on the day of trial and substituted a charge of attempted theft. At the close of the prosecutor's case, the trial court granted a directed verdict on the attempted-theft count, but allowed the burglary count to go to the jury after the defendant rested without adducing any evidence. Forgy was convicted of burglary and sentenced, as a habitual offender, to forty years' imprisonment.

The Arkansas Supreme Court affirmed Forgy's conviction on appeal. *Forgy v. State,* 302 Ark. 435, 790 S.W.2d 173 (1990). That Court declined to review Forgy's argument that the information charging him was defective, noting that it found nothing in the record before it to show that Forgy had raised the issue below. *Id.* at 438, 790 S.W.2d at 175. Even though the handwritten motion that Forgy had presented to the

judge at the omnibus hearing was in the state circuit clerk's file, it was neither date-stamped nor included in the record that the circuit clerk sent to the Arkansas Supreme Court. The Court decided that Forgy's pro se motion had never been "actually filed," and thus it had "no way of knowing" what was in the motion that the hearing judge denied. *Ibid.*

Forgy raised the issue again in his petition for habeas corpus. The District Court, however, ruled that Forgy had procedurally defaulted his inadequate-notice claim because "the Arkansas Supreme Court found that he had not properly preserved this issue by actually filing his pro se motions and making them a part of the record on appeal." *Forgy v. Norris,* No. PB–C–91–389, slip op. at 3 (E.D.Ark., 1994). The Court concluded that the issue was barred and did not reach the merits. Forgy appeals.

## II.

Forgy's claim that a defective information violated his constitutional right to be informed of the charges against him is not barred. The Supreme Court of the United States has held that "only a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review ... of a federal constitutional claim." *Ford v. Georgia,* 498 U.S. 411, 423–24, 111 S.Ct. 850, 857, 112 L.Ed.2d 935 (1991) (citing and quoting *James v. Kentucky,* 466 U.S. 341, 348–51, 104 S.Ct. 1830, 1835–37, 80 L.Ed.2d 346 (1984)). There is no such practice here.

■ The Arkansas Supreme Court held Forgy in procedural default because he never "actually filed" his pro se motion. The Court did not, however, define what it meant by "filed." Forgy handed his motion to the judge in open court; the judge accepted the motion, reviewed it, and ruled on its merits. Under Arkansas practice, that should constitute "filing." In *Stanislaus v. Austin,* 202 Ark. 441, 150 S.W.2d 610 (1941), the Arkansas Supreme Court observed that "while it is proper for the clerk when he receives papers

---

2. Forgy was also charged with three other counts of burglary and theft, but these charges were severed and are not the subject of any challenge here.

to indorse thereon the date of the filing, such indorsement is not the filing, but is simply an evidence of such filing. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file." *Id.* at 445, 150 S.W.2d at 612. Forgy therefore "filed" his motion when he handed it to the judge in open court, and the judge accepted it, ruled on it, and kept it.

■ The state Supreme Court also held Forgy in default because his motion was not in the record before it. The rules in effect at the time of Forgy's direct appeal required the state circuit clerk to include all of the defendant's pleadings in the record sent to the Supreme Court. Rules of the Arkansas Supreme Court, Rule 15 (1989). The Arkansas Supreme Court could conceivably require a party to check the record sent up on appeal to ensure that the state circuit clerk followed the Supreme Court's rules in compiling the record, but it did not have a practice of doing so at the time of Forgy's appeal. Thus, Forgy's motion should have been in the record, and there was no reason for him to doubt that it was until the Court handed down its decision.

■ Because Arkansas allows a motion to be filed by handing it to a judge who then keeps it and rules on it, and because Arkansas requires court clerks to include all of the defendant's filed motions in the record sent to the state Supreme Court on appeal, Forgy could not have anticipated that the Arkansas Supreme Court would refuse to consider his inadequate-notice claim because the formal record omitted his pro se motion. As we have previously held, "unexpectable state procedural bars are not adequate to foreclose federal review of constitutional claims." *Easter v. Endell,* 37 F.3d 1343, 1346 (1994). We are therefore not barred from considering Forgy's claim.

### III.

Forgy asserts that the information failed to give him adequate notice of the burglary charge against him. The State claims that the specific crime underlying the burglary count is obvious from the context, but even the State cannot seem to decide what that crime is.

When Forgy initially questioned the sufficiency of the information at the omnibus hearing, the hearing judge denied his motion summarily. Although the judge did not say so, he apparently believed that the theft charged in Count II was the specific crime underlying the burglary charged in Count I, since he referred to both the "accompanying theft" charge and the "underlying theft" charge in discussing another motion. (Hearing Tr. at 32). That theft charge, however, was withdrawn on the day of trial. The amended information substituted a charge of attempted theft, but the burglary charge still failed to specify the crime Forgy allegedly intended to commit. As the trial went forward, it was an open question whether Forgy was being tried for entering the residence with the intent to commit theft or entering the residence with the intent to commit attempted theft.

In fact, we do not even know how the trial court instructed the jury on this question, since the relevant page is missing from the trial transcript. (Trial Tr. at 132–33). Was the jury instructed that it must find the defendant entered the residence with the intent to commit theft, the intent to commit attempted theft, or merely the intent to commit "an [unspecified] offense punishable by imprisonment"? In reviewing the jury instructions with counsel before addressing the jury, the trial court noted that to sustain the burglary charge, the State must prove first that Forgy entered or remained in the residence and "second, that he did so with the purpose of committing therein an offense punishable by imprisonment." (Trial Tr. at 125). Even at the point of discussing jury instructions, it seems that the underlying crime was still unspecified.

Indeed, even before this Court, the State argued that the underlying crime was *either* theft or attempted theft. The difference is not merely semantic. If the State had charged Forgy with entering a residence with the intent to attempt to commit theft, he would have had a legal argument that there is no such thing as an "intent to attempt."

Perhaps philosophers or metaphysicians can intend to attempt to act, but ordinary people intend to act, not to attempt to act. As stated by one court, nearly one-hundred years ago, "[T]he refinement and metaphysical acumen that can see a tangible idea in the words 'an attempt to attempt "to act" is too great for practical use. It is like conceiving of the beginning of eternity or the starting point of infinity.'"

*Allen v. State,* 175 Colo. 113, 117, 485 P.2d 886, 888 (1971) (quoting *Wilson v. State,* 53 Ga. 205 (1874)).

Finally, when pressed at oral arguments before this Court, counsel for the State asserted that the amended information charged Forgy with entering the residence with the intent to attempt to commit theft. When a member of the Court said, "So it's an intent to attempt," counsel replied, "Basically, yes. I believe that the information could have [gone] to the jury as the burglary with the theft, because the theft didn't have to be completed [to support the burglary charge], but it was amended to an attempted theft."

█ Counsel was correct that a defendant could be charged with burglary with intent to commit theft even if the theft is not completed. Forgy, however, was charged with burglary with intent to commit "a crime punishable by imprisonment," and he was apparently tried for burglary with intent to commit attempted theft. If the information had specified the crime Forgy allegedly intended to commit—and if that crime was indeed attempted theft—Forgy would have been able to make the legal argument that there is no such thing as an intent to attempt theft. As it was, his defense was prejudiced by the information's lack of specificity. We therefore hold that his constitutional right to notice of the charges against him was violated, and we direct the District Court to issue a writ of habeas corpus releasing him, unless the State commences proceedings to retry him within a reasonable time.

Reversed and remanded with instructions.