Herman L. MORRIS *v.* STATE of Arkansas

CR 96-1190                                        970 S.W.2d 210

Supreme Court of Arkansas
Opinion delivered June 4, 1998

*Appellant,* pro se.

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Deputy Att'y Gen., for appellee.

PER CURIAM. The appellant, Herman Morris, appeals from the Circuit Court's denial of his petition for a writ of mandamus and declaratory relief. In the petition, Morris argued that the Department of Correction should be ordered to calculate his parole-eligibility date in the same manner as before the issuance of an Attorney General's Opinion in December of 1993. The Circuit Court, finding that the computation of Morris's parole-eligibility date after the Attorney General's opinion was consistent with the law, denied the petition. Morris now appeals that order. We affirm.

Prior to the Attorney General's opinion, the Department of Correction erroneously computed Morris's parole eligibility for the consecutive sentences he was serving for a series of convictions. At that time, the Department declared that Morris would be eligible for parole after serving one-third of his total sentence. According to that formula, Morris was already eligible for parole. After the Attorney General's opinion, however, the Department of Correction recalculated his parole-eligibility date and concluded that Morris would have to serve one-half of his total sentence before becoming eligible for parole. This new calculation extended Morris's parole-eligibility date until after the year 2000.

In the petition below, Morris contended that the Department of Correction, through the application of the doctrines of waiver, estoppel, and laches, was precluded from recalculating his parole eligibility to his detriment. He repeats only the waiver argument in this appeal. Specifically, Morris asserts that the Director of the Department of Correction is charged with knowledge of the criminal law, and having such knowledge, waived a proper calculation of Morris's parole eligibility. According to Morris, such a waiver precluded the Director from recalculating the parole-eligibility date after the issuance of the Attorney General's Opinion.

In response, the State notes that Morris, through a writ of mandamus, is seeking to compel the Department of Correction to compute his eligibility for parole incorrectly. The State argues, among other things, that Morris cannot benefit from the Department's misinterpretation of the law. We agree.

We have previously held that determining parole eligibility is the prerogative of the Department of Correction. *Abdullah v. State*, 302 Ark. 506, 790 S.W.2d 440 (1990). Additionally, we have held that when the Department of Correction recomputes an erroneously calculated parole-eligibility date for a defendant serving multiple sentences, there is no *Ex Post Facto* violation unless the recomputation was pursuant to legislation passed after the defendant's original sentence. *See Gilmer v. Massey*, 303 Ark. 634, 799 S.W.2d 526 (1990). The Eighth Circuit has held, moreover, that the doctrine of laches does not apply in a situation where correction officials discover and quickly correct an error in the computation of a defendant's parole eligibility. *See Cox v. Federal Bureau of Prisons*, 643 F.2d 534 (8th Cir. 1981).

The question now before us, however, is whether the Department of Correction, whose erroneous interpretation of the law led to a miscalculation of Morris's parole-eligibility date, can be precluded from correctly calculating his parole through an application of the waiver doctrine. We conclude that it cannot.

The Department of Correction's recalculation, while to Morris's detriment, is now consistent with the law. In a similar case, the Superior Court of New Jersey concluded that a parole board's miscalculation of a prisoner's parole-eligibility date could be corrected at any time. *New Jersey State Parole Board v. Gray*, 491 A.2d 742 (N.J. Super. 1985). The New Jersey Court opined:

> Because Gray's sentence was presumptively consecutive under the effective statute, the original parole eligibility date given by the Board was incorrect. Hence, the Board could correct that error at any time, and there was not due process error in so recalculating without prior notice to Gray or affording him a hearing. The miscalculation here did not result in an actual rescission of parole eligibility, but merely in a correction of the date and an adjustment to conform to the true terms of his eli-

gibility. Gray could not have obtained an early release because of the Board's error.

Similarly, the Colorado Court of Appeals ruled that a prisoner, whose parole-eligibility date was also corrected by a parole board after the Attorney General issued an opinion interpreting the applicable statute, did not have vested right in a favorable but erroneous interpretation of the law. *People v. Perez*, 895 P.2d 1090 (1994).

■ Morris has not lost the opportunity to be released on parole. Rather, his parole-eligibility date has been corrected to conform with a proper interpretation of the law. Accordingly, the Circuit Court was correct to conclude that a writ of mandamus and declaratory relief were not warranted.

Affirmed.