# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-688

| | |
|---|---|
| | **Opinion Delivered** FEBRUARY 1, 2017 |
| ROBERT NICHOLAS JEFFRIES | APPEAL FROM THE MADISON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 44CR-15-115] |
| V. | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## DAVID M. GLOVER, Judge

Robert Jeffries was tried by a jury and found guilty of the offenses of felony breaking or entering and misdemeanor theft of property. In this appeal, he contends the trial court erred in denying his motions for directed verdict because 1) there was not sufficient evidence of purpose to support his conviction for breaking or entering, and 2) there was not sufficient evidence of property value to support his conviction for theft. We affirm.

At trial, John Beer testified the house located at 209 Dotson Street was his mother's house and she had died in January 2013. He explained he had been taking care of the house since his mother went to hospice in 2012; he was the only sibling who lived near the house; he was the only person coming and going from the house while his mother's estate was being finalized; he checked on the house weekly; items had been stolen from it in the past; and the police suggested he install cameras, which he did in May 2015.

Beer stated that when he went to check on the house around July 28, 2015, he saw indications someone had entered it; the front door was ajar; he contacted the police; and the camera video was examined. He explained that the video revealed two people (a man and a woman) entering the back door and leaving through the front door; the camera was not designed to record anything going on inside the house; the two individuals were only in the house about five minutes; Jeffries was one of those people; and the video showed Jeffries walking out of the house with items from the house. He described the items taken as a stereo system, chess set, and knick-knacks, and stated that Jeffries brought the stereo system back to the police after being interviewed by them. Beer explained he keeps the house locked; the back door has a latch, but it is not "particularly functional" because that door had been kicked in earlier.

Sergeant Daniel Rivera of the Huntsville Police Department testified that when he reviewed Beer's video, he recognized both of the people; one of them was the defendant Jeffries; and he interviewed the female first and then a few days later, Jeffries came to see him. He testified that Jeffries admitted he had entered the house on Dotson Street and carried out a stack of stuff, including a stereo; Jeffries brought the items to him; and Jeffries made a statement, which was introduced as State's Exhibit 1. He said Jeffries stated he presumed the house was unoccupied and abandoned because the calendar on the wall was 2009 (in 2015); the house was entered in daylight, rather than the usual dark of night; Jeffries admitted he took the items; he did not claim he had permission, nor that he had a key to the house; the female co-defendant lived three or four houses away from the house in question; there was a car in the driveway of the house; there are some houses on the street

that are in various states of disrepair; and Jeffries told him he was looking for a house he could try to repair and rent.

Jeffries moved for a directed verdict, contending the State had failed to prove his purpose in entering the house was to commit a theft therein and that the State failed to prove the value of the property taken. The motions were denied, and the jury found him guilty of both offenses. He was sentenced to six years in the Arkansas Department of Correction for breaking or entering and 365 days in the Madison County Jail for misdemeanor theft of property. This appeal followed.

For his first point of appeal, Jeffries contends the trial court erred in denying his motion for a directed verdict because there was not sufficient evidence of purpose to support his conviction for breaking or entering. We disagree.

Arkansas Code Annotated section 5–39–202(a)(1) (Repl. 2013) provides that "A person commits the offense of breaking or entering if for the purpose of committing a theft or felony he or she breaks or enters into any: (1) building, structure, or . . .[.]" Jeffries notes the offense requires proof of two elements: 1) entry and 2) purpose to commit a theft or felony. Jeffries' challenge to the sufficiency of the evidence focuses on his "purpose" for entering the house. That is, he argues the State did not prove he entered the house with the purpose of taking any of the items. He argues the offense of breaking or entering requires evidence of purpose to commit theft, not just evidence of theft and not just presence in the house; the State cannot use a conviction of theft in one offense to prove purpose to commit a theft in the breaking or entering charge; there was no evidence of him "casing" the house; he entered through an unlocked, unobstructed back door and left through the front door

in broad daylight; and the required "purpose" cannot be proved by entry or by the fact that he left with items from the house.

A motion for a directed verdict challenges the sufficiency of the evidence supporting a verdict. *Duck v. State*, 2016 Ark. App. 596, ___ S.W.3d ___. When reviewing a sufficiency challenge, we view the evidence in the light most favorable to the verdict, considering only the evidence that supports it. *Id.* We affirm if substantial evidence supports the verdict, and substantial evidence is that which is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* The fact that evidence is circumstantial does not render it insubstantial. *Todd v. State*, 2016 Ark. App. 280, 494 S.W.3d 444. Circumstantial evidence may be used to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion, a determination that is a question of fact for the fact-finder. *Id.* The credibility of witnesses is also an issue for the jury, and the fact-finder is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* The jury is permitted to draw any reasonable inference from circumstantial evidence to the same extent that it can from direct evidence. *Id.* It is only when circumstantial evidence leaves the jury solely to speculation and conjecture that it is insufficient as a matter of law. *Id.*

Here, it is undisputed the co-defendants entered the house and took the items that did not belong to them. Jeffries's challenge, however, is to the sufficiency of the proof establishing his purpose in entering the house. Proof of purpose to commit an offense may be inferred from circumstantial evidence. *Forgy v. State*, 302 Ark. 435, 790 S.W.2d 173 (1990). Jeffries admitted he did not have permission to enter the house; the jury clearly did

not credit his statements to the police that he entered because he was looking for a house to repair or rent nor his statement that he thought the house was abandoned; the female co-defendant lived just down the street from the Beer house; it was possible to see into the house though some of the windows; even though it was broad daylight when they entered the house, the two co-defendants entered through the back door and left with items that did not belong to them. A reasonable inference could be drawn from the fact that the co-defendant lived nearby and, with a vehicle in the driveway but knowledge that the house was not occupied, that property items were located within and that Jeffries entered with the purpose of committing a theft therein. We conclude there was substantial evidence supporting Jeffries' conviction for breaking or entering.

For his remaining point of appeal, Jeffries contends the trial court erred in denying his motion for a directed verdict on the charge of theft of property (Class A misdemeanor) because there was not sufficient evidence of the property's value to support the conviction. Arkansas Code Annotated section 5–36–103(a) (Repl. 2013) provides in pertinent part that a person commits theft of property if he or she knowingly takes or exercises unauthorized control over the property of another person with the purpose of depriving the owner of the property. Section 5–36–103(b)(4) (Repl. 2013) provides that theft of property is a Class A misdemeanor if "(A) The value of the property is one thousand dollars ($1,000) or less; or (B) The property has inherent, subjective, or idiosyncratic value to its owner or possessor even if the property has no market value or replacement cost." Jeffries contends the State put on no proof of the property's value, and therefore failed to prove the offense. He acknowledges the statute refers to $1,000 *or less* but argues that reading the statute to allow

zero value under subsection (A) would render subsection (B) meaningless, and that with no evidence of value whatsoever, the proof failed. We disagree.

First, the offense is proven by evidence that Jeffries took property that did not belong to him, which he admitted. Second, the value of the property goes to the classification of the theft—here, a Class A misdemeanor. The property items Jeffries admitted taking were a stereo system, a chess set, and a CD cleaner kit still in its package. In *Reed v. State*, 353 Ark. 22, 109 S.W.3d 665 (2003), our supreme court made it clear there is no minimum value requirement for misdemeanor theft of property, which carries a term of one year's imprisonment. We have no authority to overrule a supreme court decision.

Affirmed.

ABRAMSON and MURPHY, JJ., agree.

*The McVay Firm PLLC*, by: *Nona M. McVay*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.