Stanislaus v. Austin.

4-6352                                     150 S. W. 2d 610

Opinion delivered May 5, 1941.

*John W. Nance* and *Earl C. Blansett,* for appellant.

*Nathan R. Bickford* and *Vol T. Lindsey,* for appellee.

Holt, J.   June 10, 1940, appellee sued appellant in a court of a justice of the peace in Benton county, Arkansas. August 7, 1940, judgment by default was rendered against appellant, and two days thereafter he filed affidavit and bond for an appeal.   The appeal bond was in proper form and approved by the justice of the peace.

Subsequent procedure in connection with the cause is contained in the following agreed statement of facts:

"It is hereby agreed by and between counsel for plaintiff and defendant that a default judgment was rendered by J. L. Johnson, justice of the peace for Wallace township, Benton county, Arkansas, on the 7th day of August, 1940, and appeal was granted by said court, and that the transcript of the proceeding had in the justice court was delivered to the clerk of the circuit court of Benton county, Arkansas, within thirty days subsequent to the date of judgment; that said case was not marked, filed or docket kept for its cases until September 14, 1940, for the reason that the filing fee wasn't paid until that date.

"Mr. Allred, having been sworn and called as a witness on behalf of plaintiff, testified as follows:   Direct examination by Vol T. Lindsey:   Q.   Isn't that right, Mr. Allred?   A.   Yes, sir.   I didn't file the papers until the fees were paid.   We had orders from the judge to get the

fees in the cases before we filed the papers. We have a place down there in the office to lay papers until the fees are paid, then we file them. That was our orders from the judge, to collect the fees.''

October 18, 1940, appellee filed motion in the circuit court to dismiss appellant's appeal on the ground ''that the transcript of the judgment in this cause was not filed in the office of the circuit court clerk within thirty days after the rendition of the judgment.''

November 13, 1940, appellee's motion to dismiss the appeal was heard before the Benton circuit court and the court (quoting from the decree) ''upon the pleadings, transcript and agreed statement of facts in support of the motion, finds for plaintiff on the motion, and that said motion should be sustained and the appeal dismissed'' and entered judgment accordingly. This appeal followed.

Appellant urges here that the transcript of the proceedings in the justice court was filed within the period required by the statute (§ 8479, Pope's Digest, as amended by act 323 of the acts of 1939), and that the court erred in dismissing his appeal. We think this view of appellant must be sustained.

Section 1 of act 323 of the acts of 1939 provides: ''A party who appeals from a justice of the peace judgment, or a common pleas judgment, or a municipal court judgment, must file the transcript of the judgment in the office of the circuit clerk within thirty days after the rendition of the judgment. If the transcript of the judgment is not filed within thirty days after the rendition of the judgment, execution can be issued against the signers of the appeal bond.''

It is clear under this act, that appellant, in order to perfect his appeal, was required to file a transcript of the judgment and record of the justice of the peace, in the office of the clerk of the circuit court within thirty days next after the date upon which judgment was rendered against him. It is conceded that appellant did deliver the transcript to the clerk within this thirty-day period, and the clerk accepted it, but did not mark the

transcript filed because, as he says, the filing fee was not paid. We interpret his testimony to mean, however, that he received the transcript from appellant and kept it in the clerk's office without making any demand upon appellant for the filing fee and without notifying appellant that it would not be filed until the fee was paid.

In these circumstances, we think there was a filing with the clerk within the meaning of the statute. The fact that the clerk did not indorse on the transcript his filing mark cannot change the result. The fact remains, on this record, that the clerk received and accepted the transcript without complaint and without demanding the filing fee. Had the clerk refused to accept the papers until appellant paid to him the fee to which he was entitled for filing, or had informed appellant that he would not file them until the fee was paid, then a different situation would present itself.

We hold that the clerk could have refused to accept the transcript until appellant had paid the required filing fee, but, as we have indicated, having received and accepted the transcript without demanding the filing fee, the filing was complete within the thirty-day period.

In *Buchanan* v. *Commercial Investment Trust Co.*, 177 Ark. 579, 7 S. W. 2d 318, this court said: "The circuit court properly overruled the motion to dismiss the appeal. The act of leaving or depositing the paper in the proper office constitutes a filing of it. A paper is filed within the meaning of the law when it is delivered to the proper officer and received by him to be kept on file. The file mark is evidence of filing, but it is not the essential element of the act. *Eureka Stone Company* v. *Knight,* 82 Ark. 164, 100 S. W. 878. Hence the circuit court was justified in finding that the affidavit and bond for appeal were left in the proper office to be filed, and that the act of leaving them there within thirty days after the rendition of the judgment constituted a filing within the legal meaning of the word, although there was no indorsement on the affidavit and bond for appeal that they had been filed."

And in *Hogue* v. *Hogue,* 137 Ark. 485, 208 S. W. 579, this court said: "While the certificate of the clerk

entered upon the demurrer at the time of its receipt is the best evidence of such filing, it is not conclusive evidence to that effect, and it was competent to show by parol evidence what was intended. The reason is that while it is proper for the clerk when he receives papers, to indorse thereon the date of the filing, such indorsement is not the filing; but is simply an evidence of such filing. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file. *Bettison* v. *Budd,* 21 Ark. 578; *Eureka Stone Co.* v. *Knight,* 82 Ark. 164, 100 S. W. 878. See, also, *Peterson* v. *Taylor,* 15 Ga. 483, 60 Am. Dec. 705; *Powers* v. *State,* 87 Ind. 144, and *Grubbs* v. *Cones,* 57 Mo. 83.''

For the error indicated, the judgment is reversed, and the cause remanded with directions to the court to overrule appellee's motion to dismiss the appeal and for further proceedings.