TUCKER *v.* BATESVILLE MOTOR COMPANY.

4-6548                                                157 S. W. 2d 492

Opinion delivered January 12, 1942.

*R. W. Tucker,* for appellant.

*Chas. F. Cole,* for appellee.

MEHAFFY, J. The appellant, R. W. Tucker, on December 30, 1940, filed suit in the justice court of R. B.

Evans in Independence county, Arkansas, against the Batesville Motor Company for attorney's fee. The suit was tried on January 14, 1941, and there was a verdict and judgment for R. W. Tucker in the sum of $113.89 with interest and costs. Notice and affidavit for appeal to the circuit court were given by the attorney for the defendant. The transcript and bond were filed with the clerk of the circuit court, and the bond for appeal was approved by the justice of the peace.

On January 27, 1941, the transcript was filed with the clerk of the Independence circuit court. On January 25, 1941, an execution was issued on the justice of the peace's judgment and placed in the hands of the sheriff of Independence county. On February 27, 1941, the appellee, Batesville Motor Company, filed a motion to quash the execution. There was a demurrer and response to this motion and the circuit judge, on February 28, 1941, made a temporary order holding in abeyance the execution until after a determination of the cause in the Independence circuit court. On April 7, 1941, a hearing ,was had, all parties appearing, and the cause was submitted, by agreement, to the court. After the testimony was introduced the court found that the Independence circuit court has jurisdiction of said cause; that said cause was filed and properly docketed in the circuit court; that the appeal bond filed therein was sufficient to take care of the costs in the case; that the transcript was really filed in the circuit court within 30 days from the date of the trial in the justice of the peace court, and that the case was now in the Independence circuit court for trial; that the execution issued by the justice of the peace be quashed, as the transcript and papers had already left his hands and had been lodged with the circuit clerk at the time the execution was issued, and that the justice of the peace had lost jurisdiction of the matter at that time; that said execution should be quashed and the case set down for trial in the circuit court.

The plaintiff, R. W. Tucker, excepted and asked that his exception be noted of record, which was done, and prayed an appeal to the Supreme Court, which was granted. Thereafter, on May 7, 1941, the appellant filed

motion for new trial, which was by the court overruled, and the case is here on appeal.

Henry Tucker, the circuit clerk, was called as a witness by appellee and testified that he was the circuit clerk of Independence county; that the transcript from the justice of the peace court was lodged in his office by R. B. Evans, justice of the peace, on January 14, 1941; the date it was filed was February 14, 1941, but it was lodged in his office January 14, 1941; that he had failed to mark it filed on the date it was lodged with him because he was not certain whether the bond accompanying the appeal stood good for his filing fee, and because there was not a cost bond for costs in the court. There was no bond made to witness as circuit clerk and it was his understanding of the county salary law that he should have a cost bond made to him or the cash in advance for the filing fees. The appellant, R. W. Tucker, came to his office on January 14, 1941, and asked if the case had been filed and docketed and witness told him it had not been filed. When the case was filed and docketed on February 14, 1941, defendant came in and advanced the fee. The case was not filed before that time. They did not call his attention to the bond and ask him to accept that as a cost bond. The papers had been continuously in his office from January 14, 1941, until February 14, 1941, and had been in his possession.

R. W. Tucker testified that he went into the circuit clerk's office on the morning of February 14, 1941, and looked on the docket to see if this case had been filed; it did not appear on the docket, and he asked the clerk if it had been filed and docketed and he replied that it had not; witness immediately went to the justice of the peace's office and had an execution issued.

After hearing the evidence the court made the following order: "I will hold that the court here has jurisdiction of the case; that it is filed and properly docketed; that the appeal bond is sufficient to take care of the costs in the case and that it was really filed with the clerk within the thirty days from date of the trial in the justice of the peace court and it is here for trial. And the execu-

tion issued by the justice of the peace be quashed, as the, transcript and papers had already left his hands and had been lodged with the circuit court clerk at the time it was issued, and that he lost jurisdiction of it at that time, and that the execution be quashed and the case set down for trial in the circuit court.''

To this holding and ruling of the court the appellant at the time objected and excepted.

It will be observed that the court found that the transcript was really filed with the clerk of the circuit court within 30 days from the date of the trial in the justice of the peace court, and is now here for trial.

The circuit clerk testified that what he meant by saying there was no bond was that there was no bond made to him and that it was his understanding that he should have a cost bond made to him, or the cash in advance. The clerk testified that the transcript was lodged in his office on January 14; that was within 30 days from the time of the trial in the justice of the peace court, and he failed to mark it filed on that date because he was not certain whether the bond accompanying the appeal stood good for his costs and the cash was not offered or tendered for the filing fee.

The undisputed proof shows that the transcript was filed, and that with it was a bond, which provides among other things that the appellant shall pay the said judgment together with the costs of this appeal. This was sufficient to cover the clerk's costs. The clerk testified that he did not file the transcript until February 14th, evidently meaning that he did not put his filing mark on it. The clerk, however, received the transcript and bond, and so far as the record shows he made no objection to the lodging of the transcript with him, did not demand a different bond and made no objection whatever to the bond at that time. There is no evidence that he ever said a word to either the justice of the peace who lodged the transcript with him, or the appellant, but he accepted the papers and kept them continuously in his office from the time they were filed.

The only other witness who testified was the appellant, R. W. Tucker, who testified that when he went to

the office of the clerk on February 14th to look at the docket, he discovered that the transcript had not been filed and docketed.

While it is the duty of the appellant to file the transcript with the circuit clerk, it is not his duty to see that the clerk puts his filing mark on the papers. The evidence shows in this case that the appellant had done all that the law required of him.

Appellant calls attention to and relies on the case of *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217. The court in that case said: "A party who appeals from a justice of the peace judgment . . . must file a transcript of the judgment in the office of the circuit clerk within thirty days after the rendition of the judgment." The court then states that a late case which is applicable is *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390. The Nowlin case does not hold that the clerk must put his filing mark on the papers, but quoted the act as follows: "All appeals from the municipal court must be taken and the transcript lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered, and not thereafter. . . ."

Continuing, the court said: "It will be noticed that the appeal must be taken and the transcript lodged with the circuit clerk 'within thirty days after judgment is rendered and not thereafter.' This requirement is mandatory and is jurisdictional."

It is true that the party appealing from the justice court to the circuit court must see that the transcript is filed with the circuit court clerk, but it is not appellant's duty to see that the clerk marks it filed. It is simply his duty to see that it is filed, and when this is done it is all that can be done.

The appellant here insists that the justice of the peace did not leave the transcript with the circuit clerk to be filed and docketed. There is no evidence to this effect. As we have already said, the justice of the peace did not testify, but the evidence shows conclusively that he did take the transcript and bond to the clerk.

It is contended by the appellant that to constitute a proper filing of a transcript, it must have been received by the clerk and accepted by him to be kept on file. This is exactly what was done in this case, according to the evidence. The transcript was taken to the clerk, he received it and the bond, and there is no evidence tending to show that he made any objection or any demand that anything else be done. It is true that the mere leaving of a paper in the clerk's office would not necessarily be a filing, but in this case it was left with the clerk for no other purpose. If an appellant from a justice of the peace court should take the transcript and file it with the clerk, or give it to the clerk, and the clerk should receive it and accept it without objection, knowing that it was given to him for the purpose of being filed, this would be a filing in compliance with the law.

If the clerk was not satisfied with the bond or intended to refuse to file because the cash fee was not paid, he could have refused to accept the transcript until a proper bond was filed or the fee paid, but having received and accepted the transcript without demanding the filing fee, the filing was complete within the thirty days. *Stanislaus* v. *Austin,* 202 Ark. 441, 150 S. W. 2d 610.

The facts are, as shown by the record, that notice of appeal was given on the day of trial and affidavit for appeal was executed on the same day, January 14th. On January 25th the appeal bond was executed and delivered to the justice of the peace and approved by him. If the clerk had demanded the payment of a cash fee or had made any objection to the bond, or had received the transcript with the intention not to file it, he should, and doubtless would, have said so.

We think the finding of the circuit court is correct, and that the case originally brought in the justice of the peace court is still pending in the circuit court and may be tried and determined hereafter.

The judgment of the circuit court is affirmed.