Ricky Keith BOCKSNICK *v.* CITY OF LONDON

CR 91-284                                   825 S.W.2d 267

Supreme Court of Arkansas
Opinion delivered March 9, 1992

*Robert E. Irwin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Teena L. White*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Ricky Keith Bocksnick, was arrested and charged with driving while intoxicated and running a stop sign in London, Arkansas. The charges were heard by the London municipal judge, and the appellant was found guilty and fined and his drivers license was suspended for ninety days. Docket entry of the judgment was made by the municipal judge on September 10, 1990. The municipal court clerk confirmed the decision to the appellant's counsel by letter dated September 12, 1990. No presentence report was prepared on the appellant prior to entry of the sentence by the municipal judge.

The following year, on February 15, 1991 the appellant moved the municipal judge for a presentence report and for entry of judgment after preparation of the report. The municipal judge denied the motion by order dated February 21, 1991. Four days later, on February 25, 1991, the appellant appealed to circuit court. A hearing was held, and the circuit court entered an order on July 24, 1991, denying the appeal as not being timely filed.

The appellant raises two issues on appeal: 1) the municipal judge should have ordered a presentence report prefatory to sentencing, and b) the circuit court erred in ruling that the appeal was not timely filed. We affirm the circuit court's order due to lack of timeliness.

The Omnibus DWI Act does require a presentence report before sentencing, though this is discretionary with the

court when a jury does the sentencing:

> (a) Upon finding of guilt or a plea of guilty or nolo contendere for violating § 5-65-103, the court shall immediately request and the Arkansas Highway Safety Program or its designee shall provide a presentence screening and assessment report of the defendant. However, in cases where the jury fixes and agrees on punishment pursuant to § 5-4-103(a), the decision whether to request a presentence screening and assessment report is discretionary with the court.

> (b) The presentence report shall be provided within the thirty (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report.

* * *

Ark. Code Ann. § 5-65-109(a) & (b) (Supp. 1991).

■ Here, no presentence report was prepared, and the municipal judge — not a jury — fixed sentence. Under the statute, the municipal judge erred in pronouncing the sentence without the benefit of a report. The question then becomes whether the appellant prosecuted his appeal in timely fashion. We hold that he did not.

■ Rule 9(a) of the Inferior Court Rules mandates an appeal within thirty days of judgment in civil cases: "All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment." Inferior Ct. R. 9(a). In past criminal appeals, we have looked to Rule 9 as the appropriate procedure to govern those appeals. *See Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989) (appeal from conviction for hunting within a closed zone); *McBride* v. *State*, 297 Ark. 410, 762 S.W.2d 785 (1989) (DWI appeal). In the *Edwards* case, we specifically referred to the language in Rule 9(a) regarding "appeals in civil cases" and applied the rule to the criminal appeal. We further held in *Edwards* that the thirty-day requirement for filing was mandatory and jurisdictional and that the circuit court had no authority to accept untimely appeals.

■ We are mindful that part of the statutory code for inferior court appeals places the responsibility for filing the transcript for such appeals on the inferior court itself. *See* Ark. Code Ann. § 16-96-505 (1987). That statute, however, has clearly been superseded by Rule 9(a) of the Inferior Court Rules, and we so hold. Supersession Rule, *Arkansas Court Rules* p. 631 (1991).

■ We further take note of Rule 36.23 of the Rules of Criminal Procedure, which reads:

> Matters pertaining to several appeals, the docketing, designation, abbreviation, stipulation, preparation, and correction or modification of the record on appeal, as well as appeals where no stenographic record was made, shall be governed by those statutes presently in force which apply to civil cases on appeal to the Supreme Court.

Rule 36.23 contemplates the application of statutes governing civil appeals, but the same reasoning applies to the application of Rule 9(a) of the Inferior Court rules to criminal appeals. We interpret Rule 36.23 also to embrace Rule 9 of the Inferior Court Rules.

■ In sum, Inferior Court Rule 9(a) applies to this case, and it together with *Edwards* v. *City of Conway, supra*, are dispositive of the issue before us. The judgment was entered by the municipal judge by docket entry, though no presentence report had been ordered. The appellant was advised of the municipal judge's decision by letter to counsel two days later. No appeal was taken within thirty days. In fact, no appeal was filed until five months later. There was no jurisdiction in the circuit court to hear the appeal because it was untimely.

Affirmed.