Terry OTTENS *v.* STATE of Arkansas

CR 93-765                                                871 S.W.2d 329

Supreme Court of Arkansas
Opinion delivered February 14, 1994

*Q. Byrum Hurst, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Terry Ottens was convicted in municipal court of Driving While Intoxicated. He filed a timely notice of appeal to the circuit court but failed to file the record within thirty days of the judgment appealed from. The state moved to dismiss the appeal for failure to comply with Inferior Court Rule 9(a) and the appeal was dismissed by order of the circuit court.

Ottens now appeals to this court, invoking our jurisdiction pursuant to Rule 1-2(3) of the Rules of the Supreme Court and Court of Appeals, presenting an issue involving an interpretation of a rule of the inferior courts. Finding no merit in his argument, we affirm the order of dismissal.

Appellant was charged with Driving While Intoxicated in violation of Ark. Code Ann. § 27-23-113 (1987) in the Ashdown Municipal Court. He was convicted on December 9, 1992. He

filed a Notice of Appeal with the Circuit Court of Little River County on January 7, 1993. The record of the Municipal Court proceeding was certified by the Ashdown Municipal Court Clerk on February 12, 1993. However, the record was not filed with the circuit court until February 16, 1993. On May 26, 1993, the State of Arkansas (appellee) filed a motion to dismiss for failure to file a record of the municipal court proceeding within thirty (30) days from the entry of judgment in compliance with Rule 9 of the Arkansas Inferior Court Rules.

Appellant filed a response to the motion to dismiss on June 7, 1993, requesting that the motion be denied for the following reasons: (1) the record was timely filed pursuant to Rule 6 and the states computation of the thirty (30) days is incorrect; (2) the oversight of the clerical staff or a miscomputation should not deprive a defendant of his day in court; and (3) the appellant has a constitutional right to appeal his previous conviction. On June 8, 1993, the circuit court filed an order dismissing the appeal. The appeal was certified to this court on October 1, 1993.

The timely filing of an appeal from a Municipal Court is governed by Inferior Ct. R. 9 which provides in relevant part:

(a) Time for Taking Appeal. All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

(b) How Taken. An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and the appellant shall have the responsibility of filing such record in the office of the circuit clerk.

We have stated that Rule 9 is applicable in both criminal and civil proceedings. *Allred* v. *State*, 310 Ark. 476, 837 S.W.2d 469 (1992).

Appellant maintains that the appeal was timely since the notice of appeal was filed within thirty (30) days of the judgment. He argues that under Rule 9 the record had to be filed by February 7, 1993. We disagree. In order to appeal, the appellant was required to file the municipal court record in circuit court within

4

thirty days as provided in Rule 9. Since his conviction occurred on December 9, 1992, he had until January 7, 1993, to file the record.

■ Filing a notice of appeal within thirty (30) days of the conviction does not suffice to perfect an appeal. In fact, a notice of appeal is not required in an appeal from municipal court to circuit court. *McBride* v. *State*, 297 Ark. 410, 762 S.W.2d 785 (1989). Rule 9 expressly provides that the appealing party file the record of the inferior court proceeding within thirty (30) days in order to bring an appeal. *See Lowe* v. *State*, 300 Ark. 106, 776 S.W.2d 822 (1989).

■■ Appellant argues that Ark. Code Ann. § 16-96-505 (1987) places the burden of filing the record on the municipal court official. He contends this is appropriate because many appeals from municipal court are filed by *pro se* litigants. We note that the appellant makes this argument for the first time on appeal, as it was not a part of his response to the motion to dismiss below. We do not address issues raised for the first time on appeal. *Green* v. *State*, 313 Ark. 87, 852 S.W.2d 110 (1993). However, we take this opportunity to reaffirm our holding in *Bocksnick* v. *City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992), in which we stated that the provision relied upon by the appellant, Ark. Code Ann. § 16-96-505 (1987), has been superseded by Rule 9(a) of the Inferior Court Rules. We also note the holding in *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989), where we concluded that the duty to perfect an appeal rests upon the counsel of the appealing party. In keeping with *Edwards* and *Bocksnick*, Ark. Code Ann. § 16-96-505, has been codified as superseded. Ark. Code Ann. § 16-96-505 (Supp. 1993).

■ We except to the argument that pro se litigants should not have the burden of following Inferior Court Rules. To the contrary, we have stated that *pro se* litigants must conform to the rules of procedure, including the timely perfecting of an appeal. *Bragg* v. *State*, 297 Ark. 348, 760 S.W.2d 878 (1988); *Peterson* v. *State*, 289 Ark. 354, 289, 711 S.W.2d 830 (1986). Recently, in *Sullivan* v. *State*, 301 Ark. 352, 784 S.W.2d 155 (1990), we again rejected an argument that the circuit clerk had the duty of perfecting an appeal to this court by filing the record. In *Sullivan*, the litigant was a self-described "incarcerated indigent layman." In this case appellant is not acting *pro se*. Our Model Rules of Professional Conduct require that counsel, like *pro se* litigants, conform to procedural rules.

Next, appellant contends the circuit court erred by entering an order dismissing the appeal without conducting a hearing. However, our rules do not require a hearing on a motion to dismiss and the motion in this case was clearly warranted on the face of the record.

Finally, appellant offers a theory of laches for reversal. He asks us to excuse his failure to comply with Rule 9 because the State did not file the motion to dismiss until after the filing period had expired. He explains that because of the delay, he had begun preparation for trial.The argument overlooks the fact that when the time for filing an appeal is fixed by a rule or statute, the provision which limits the time is jurisdictional in nature. *See Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Searcy County* v. *Holder*, 257 Ark. 435, 516 S.W.2d 901 (1974). Because jurisdiction is the power or authority of a court to hear a case on its merits, it may be raised at any time. *Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982). Jurisdiction may even be raised for the first time on appeal. *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992). Consequently, the argument that preparation for trial had begun prior to the filing of the motion to dismiss on jurisdictional grounds is without merit.

Affirmed.