Michael HAWKINS *v.* CITY OF PRAIRIE GROVE

CR 93-1053                                        871 S.W.2d 357

Supreme Court of Arkansas
Opinion delivered February 28, 1994

*John William Murphy*, for appellant.

*Boyce R. Davis Assoc.*, by: *Boyce R. Davis*, for appellee.

DONALD L. CORBIN, Justice. We treated appellant's petition for writ of certiorari, filed pursuant to superseded Ark. Sup. Ct. R. 29(6)(a) as a petition for review under the current Ark. Sup. Ct. R. 1-2(f), and granted review of the Arkansas Court of Appeals's decision reported as *Hawkins* v. *City of Prairie Grove*, 43 Ark. App. 81, 861 S.W.2d 118 (1993). We granted review under Rule 1-2(f) because the appeal requires the interpretation of Ark. Code Ann. § 16-17-213 (Supp. 1991) and should therefore have originally been heard in this court. Upon review, we find no error and affirm.

Appellant, Michael Hawkins, was convicted of driving while intoxicated in Prairie Grove Municipal Court on January 18, 1991. He filed a timely notice of appeal with the clerk of the Washington Circuit Court. He also filed a timely affidavit of appeal with the clerk of the municipal court on February 6, 1991. However, the municipal court clerk never filed the transcript with the circuit court. Consequently, the circuit court dismissed the appeal for lack of jurisdiction on June 18, 1992.

In dismissing for lack of jurisdiction, the circuit court relied

on Ark. Code Ann. § 16-17-213(a) (1987) and *Nowlin* v. *Merchants Nat'l Bank*, 192 Ark. 529, 92 S.W.2d 390 (1936), and concluded that the requirements of the statute are mandatory and jurisdictional and that it is the duty of the appealing party to see that the transcript is lodged in the time limited. On appeal, appellant contends Ark. Code Ann. § 16-17-213(a) (1987) was superseded by 1987 Ark. Acts 431, now codified as Ark. Code Ann. § 16-17-213 (Supp. 1993), and that the new version of the statute shifted the responsibility of perfecting appeals from the appellant to the clerk.

We agree that section 16-17-213 was amended by 1987 Ark. Acts 431, but disagree that the amendment shifted the responsibility of perfecting an appeal away from appellant. Moreover, appellant's reliance on section 16-17-213 and its 1987 amendment is misplaced. We recently held in *Ottens* v. *State*, 316 Ark. 1, 871 S.W.2d 329 (1994), that the timely filing of an appeal from municipal court is controlled by Rule 9 of the Inferior Court Rules. We have stated that Rule 9, which applies to criminal as well as civil cases, *Ottens*, 316 Ark. 1, 871 S.W.2d 329, is mandatory and jurisdictional and leaves the circuit court without authority to accept untimely appeals. *Bocksnick* v. *City of London*, 308 Ark. 599, 825 S.W.2d 267 (1992); *Edwards* v. *City of Conway*, 300 Ark. 135, 777 S.W.2d 583 (1989). This court stated further that "it is the duty of the counsel, not the judge, clerk, or reporter, to perfect the appeal." *Id.* at 137, 777 S.W.2d at 584. Rule 9(b) states in pertinent part: "the appellant shall have the responsibility of filing such record in the office of the circuit clerk."

We are aware that the statutes on municipal courts intimate that the responsibility for filing a transcript on appeal falls on the municipal court itself. Ark. Code Ann. § 16-17-213; *see Bocksnick*, 308 Ark. 599, 825 S.W.2d 267 (citing Ark. Code Ann. § 16-96-505 (1987)). However, section 16-17-213 has been superseded by Rule 9 of the Inferior Court Rules, and we so hold. Supersession Rule, *Arkansas Court Rules*, p. 689 (1993).

Appellant raises the additional points that the trial court's decision violates his due process rights, creates confusion, and is a burden to judicial economy. The record on appeal does not reveal that these points were raised below; therefore we

will not address them. Even constitutional issues are waived on appeal when not argued below. *Whitson* v. *State*, 314 Ark. 458, 863 S.W.2d 794 (1993).

Affirmed.