J&M MOBILE HOMES, INC. *v.* William H. HAMPTON

01–594                 .                                60 S.W.3d 481

Supreme Court of Arkansas
Opinion delivered December 6, 2001

*Eilbott Law Firm,* by: *Andy L. Caldwell,* for petitioner.

*Brockman, Norton & Taylor,* by: *C. Mac Norton,* for respondent.

Tom Glaze, Justice. Petitioner J&M Mobile Homes, Inc., d/b/a R.V. City ("J&M"), seeks a writ of prohibition to prevent the Jefferson County Circuit Court from hearing the appeal of a lawsuit originally filed against J&M in Pine Bluff Municipal Court. J&M argues that the municipal appeal was not properly perfected pursuant to Ark. Inferior Ct. R. 9, and that the circuit court therefore had no jurisdiction to hear the appeal.

On February 22, 2000, William Hampton sued J&M Mobile Homes in the Municipal Court of Pine Bluff, seeking to recover damages to a motor home that Hampton contended were caused by a faulty repair performed by J&M. The municipal court heard the case on August 29, 2000, and found in favor of J&M. The judgment was entered on September 5, 2000. On September 19, 2000, Hampton filed a notice of appeal, requesting that the Pine Bluff Municipal Court Clerk prepare and certify a record of the proceedings in the Pine Bluff Municipal Court, and noting that Hampton

was willing to pay any fees authorized by law for the appeal. However, although the entire record was apparently filed in the circuit court, the record had not been certified.

On November 3, 2000, J&M filed a motion in Jefferson County Circuit Court to dismiss Hampton's appeal, alleging that Hampton had failed to file a certified copy of the proceedings from the municipal court, as required by Inferior Court Rule 9. On December 12, 2000, the Pine Bluff Municipal Court Clerk filed a "Clerk's Certificate for Appeal," in which the clerk certified that on September 21, 2000, she had delivered the entire original Pine Bluff Municipal Court record in the case to the Jefferson County Circuit Clerk, along with a $100 filing fee. The circuit judge denied J&M's motion to dismiss on May 4, 2001, finding that Hampton had "substantially complied" with Inferior Court Rule 9.

J&M then filed its petition for writ of prohibition with our court on May 23, 2001, alleging that Hampton failed to perfect his appeal by filing a certified copy of the municipal court record with the circuit court within thirty days from the entry of the municipal court order; that Hampton failed to file an affidavit as required by Inferior Court Rule 9; and that the trial court, by proceeding with the case, had exceeded its authority. As such, J&M argues, a writ of prohibition is the proper remedy to prevent the "improper and unauthorized assumption of jurisdiction over this cause of action."

A writ of prohibition is an extraordinary writ that is only appropriate when the court is wholly without jurisdiction. *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000) (citing *Kelch v. Erwin*, 333 Ark. 567, 570, 970 S.W.2d 255 (1998); *West Memphis Sch. Dist. No. 4 v. Circuit Court of Crittendon County*, 316 Ark. 290, 871 S.W.2d 368 (1994)). It is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. *Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001). The purpose of the writ is to prevent a court from exercising a power not authorized by law when there is no other adequate remedy by appeal or otherwise. It is never issued to prohibit an inferior court from erroneously exercising its jurisdiction, but only where the inferior tribunal is wholly without jurisdiction, or is proposing or threatening to act in excess of its jurisdiction. *Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992). When a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. *See Board of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997).

Rule 9 of the Arkansas Inferior Court Rules governs appeals taken from inferior courts, such as the Pine Bluff Municipal Court, to circuit courts; that Rule provides, in pertinent part, as follows:

(a) *Time for Taking Appeal.* All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

(b) *How Taken.* An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

■ The provisions of Inferior Ct. R. 9 are mandatory and jurisdictional. *Board of Zoning Adjustment v. Cheek, supra; Ottens v. State,* 316 Ark. 1, 871 S.W.2d 329 (1994) (when the time for filing an appeal is fixed by a rule, the provision which limits the time is jurisdictional in nature). If an appellant does not comply with the rule's provisions, the circuit court is without authority to accept the appeal. *Hawkins v. City of Prairie Grove,* 316 Ark. 150, 871 S.W.2d 357 (1994); *Bocksnick v. City of London,* 308 Ark. 599, 825 S.W.2d 267 (1992); *Edwards v. City of Conway,* 300 Ark. 135, 777 S.W.2d 583 (1989).

J&M argues that, because Hampton failed to file either a certified copy of the municipal court transcript or an affidavit showing the transcript had been requested with the circuit court within thirty days, Hampton did not strictly comply with Rule 9, and the appeal was not properly perfected. As a result, J&M contends, the circuit court was entirely without jurisdiction to hear the appeal. We agree.

■ Our cases require strict compliance with Rule 9. In *Baldwin v. State,* 74 Ark. App. 69, 45 S.W.3d 412 (2001), the court of appeals specifically rejected a "substantial compliance" approach to appeals from inferior courts. There, the appellant, Howard Baldwin, had filed a notice of appeal and an appeal bond in circuit court; Baldwin argued that since the appeal bond contained the same information as the transcript, he had substantially complied with Rule 9. The court of appeals rejected that argument, stating that Rule 9 is clear that an appellant "must either actually lodge the

record in the circuit court, or file an affidavit with the circuit court clerk stating that he has requested the inferior court clerk to prepare the record and the clerk has neglected to prepare and certify that record for purposes of appeal. *Baldwin*, 74 Ark. App. at 72.

Likewise, in *Pace v. Castleberry*, 68 Ark. App. 342, 7 S.W.3d 347 (1999), the appellant, Keith Pace, had filed a notice of appeal to the circuit court within thirty days. Pace's counsel attached an affidavit to the notice of appeal stating that he had requested the municipal clerk to prepare and certify the records of the inferior court proceeding for appeal, but the clerk did not actually lodge the municipal court record until the thirty-first day from the entry of the municipal court order. The circuit court judge dismissed the appeal on the ground that the affidavit did not state the clerk negligently failed to complete the record as required by the rule. On appeal to the court of appeals, Pace argued that the notice of appeal and affidavit, filed on the twenty-ninth day, constituted substantial compliance with the rule. The court of appeals disagreed. The *Pace* court stated that it is the appellant's burden to file the record with the circuit clerk; it further held that the rule is clear that either the record itself, or an affidavit stating the municipal clerk failed to prepare the record, must be filed within thirty days. Because the affidavit submitted by Pace did not allege that the inferior court clerk neglected to file the record, the court of appeals rejected Pace's argument that he "substantially complied" with the rule; it held, instead, that failure to comply strictly with Rule 9 "precludes the circuit court from having jurisdiction over the appeal." *Pace*, 68 Ark. App. at 345.

■ In the instant case, we are again presented with a question of whether "substantial compliance" with Rule 9 is sufficient to perfect an appeal from an inferior court. There is no dispute that a certified record of the municipal court proceedings was not filed in the circuit court within thirty days.[1] Hampton nevertheless asserts that the entire record was timely lodged with the circuit court, and that the failure to timely certify the record is insignificant. However, we note again the language of Rule 9(b), which states that "[a]n appeal from an inferior court to the circuit court shall be taken *by filing a record of the proceedings* had in the inferior court. It shall be the duty of the clerk *to prepare and certify such record* when requested by the appellant and upon payment of any fees authorized

---

[1] Hampton concedes in his brief that, although the record was filed with the circuit court some sixteen days after the municipal court entered its order, the record "was not separately certified by the Municipal Clerk until a few months later."

by law therefor." Unless we are to consider the language in the second sentence as mere surplusage, we must conclude that the rule requires the filing of a certified copy of the transcript of the lower court proceedings within thirty days in order for the circuit court to acquire jurisdiction over the appeal.

■ ■ We note Hampton's argument wherein he asserts that a writ of prohibition is not a substitute for a timely appeal, and that the writ should not be issued in order to prevent a circuit court from improperly exercising its jurisdiction. However, if an appeal is not properly perfected from the inferior court, the circuit court *never acquires jurisdiction. See Pike Avenue Development Co. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001) (failure to either file the record with the clerk or file an affidavit showing that the record has been requested from the clerk within thirty days precludes the circuit court from having jurisdiction over the appeal). Prohibition is thus the appropriate remedy when, as here, the lower court is wholly without jurisdiction. *See Ramirez v. White County Circuit Court*, 343 Ark. 372, 38 S.W.3d 298 (2001). It would be a waste of time, money, and judicial resources to require a party to first proceed to trial, and only then permit an appeal of the lower court's decision regarding its jurisdiction over the matter — when that court never had jurisdiction in the first instance.

■ For the foregoing reasons, J&M's petition for writ of prohibition is granted.

IMBER, J., not participating.