2009 Ark. 359

ARKANSAS GAME AND FISH
COMMISSION, Appellant,

v.

Ben EDDINGS; Harold Smith, Newton
County Judge, Appellees.

No. 08–1220.

Supreme Court of Arkansas.

June 18, 2009.

James F. Goodhart, and John P. Marks, Ark. Game & Fish Comm'n, Little Rock, for appellant.

Osmon & Ethredge, P.A., by: David L. Ethredge and Johnnie Abbott Copeland, Mountain Home, for appellee Ben Eddings.

ROBERT L. BROWN, Justice.

The Arkansas Game and Fish Commission ("AGFC") appeals from an order of the Newton County Circuit Court dismissing with prejudice its appeal from the County Court of Newton County based upon the AGFC's failure to timely perfect its appeal under Arkansas District Court Rule 9.

The relevant facts are that appellee Ben Eddings is the owner of a forty-acre tract of land located near the Buffalo River. Eddings lacks vehicular access to his land from either a public or private road due in part to the fact that his land is completely surrounded by public property. On two sides of the land lies the Gene Rush Wildlife Management Area ("WMA"), which is owned by the AGFC, while on the other two sides lies the Buffalo National River, which is owned by the United States through the National Park Service.

On April 20, 2005, Eddings petitioned the County Court of Newton County for the establishment of a road across the WMA pursuant to Arkansas Code Annotated section 27–66–401. The AGFC answered and moved to dismiss Eddings's petition, contending that it was entitled to sovereign immunity under article 5, section 20 of the Arkansas Constitution and that Eddings had failed to join the National Park Service as a necessary party to the action.[1] On November 9, 2005, the county judge entered an order finding that the AGFC's answer and motion to dismiss had been filed five days late and thus the matters raised therein were waived. The county judge found, however, that despite its default, the AGFC was entitled to participate as to the issues of just compensation and the correct placement of the road. To this end, the county judge directed Eddings and the AGFC to each nominate a viewer within ten days to begin the process.

On December 8, 2005, the AGFC petitioned the Newton County Circuit Court for appellate review of the county judge's November 9, 2005 order. Eddings moved to dismiss this petition and contended in that motion that a final order had yet to be entered in the matter. On January 9, 2006, the county judge entered a final order in which he declared a public easement over the WMA and assessed $1,500.00 and all other costs associated with the action against Eddings. The AGFC next filed a notice of appeal of the county judge's final order with the clerk of the circuit

---

1. The AGFC also contended that an existing, but presently closed, road across the Buffalo National River provided Eddings with a shorter and more convenient route to his property.

court on February 8, 2006.[2] At the request of the AGFC, a copy of the docket sheet was certified in the office of county-circuit court clerk Donnie Davis on February 6, 2009, but was not file stamped. The AGFC moved to consolidate its two appeals from the county court, which the circuit judge granted.

On September 5, 2007, the AGFC moved for summary judgment in the circuit court and again contended that sovereign immunity barred Eddings's suit in county court and that Eddings's failure to join the National Park Service as a necessary party was fatal to his suit. Following a hearing on the summary-judgment motion, the circuit judge entered an order on April 24, 2008, dismissing the AGFC's consolidated appeal with prejudice. In his order, the circuit judge found that the AGFC's appeal from the county court was not timely perfected under Arkansas District Court Rule 9, and said: "However, while the record from county court made it to the circuit court file there is no indication on said record or on the docket sheet indicating when it was filed in circuit court."

On May 7, 2008, the AGFC moved to vacate the circuit judge's order dismissing its appeal and contended that it had, in fact, perfected its appeal under Rule 9 by filing a certified copy of the record with the circuit clerk within thirty days of each of the county judge's two orders. Attached to the AGFC's motion to vacate were several exhibits which purported to show that the record had been filed in compliance with Rule 9. The primary exhibits were an affidavit of Donnie Davis, the County Clerk and Circuit Court Clerk of Newton County, correspondence

from the AGFC, and docket sheets for the two appeals.

In his affidavit, Davis averred that for both appeals he agreed with the AGFC that he would file a certified copy of the county court record in the circuit court upon receiving the appeal documents from the AGFC; that on December 8, 2005, to the best of his knowledge and belief, he prepared and filed a certified copy of the county court record upon receiving the AGFC's petition for appellate review of the county judge's November 9, 2005 order; and that on February 8, 2006, to the best of his knowledge and belief and as was his customary and usual procedure, he prepared and filed a certified copy of the county court record upon receiving the AGFC's notice of appeal of the county judge's January 9, 2006 order.[3] The circuit judge did not act on the AGFC's motion to vacate, and it was deemed denied after thirty days.

Over four months after dismissing the AGFC's appeal with prejudice on April 24, 2008, the circuit judge entered a Notice dated August 21, 2008, which read:

This is to advise that pursuant to Ark. R. Civ. P. 60(b) the Court intends to direct the Circuit Court Clerk to correct the docket sheet in this case to reflect the date when the record from District Court was actually filed. The Court will then issue a ruling on the Arkansas Game and Fish Commission's Motion for Summary Judgment. If either party objects to this, said party shall make its objection known to the Court in writing by 4:30 p.m. on Tuesday, September 1, 2008.

By letter dated August 28, 2008, the AGFC wrote that it did not object to the

---

2. Filing a notice of appeal is not required to perfect an appeal under Arkansas District Court Rule 9(b).

3. Davis's certificate on the docket sheet for the final order in this case is dated February 6, 2009.

circuit judge's correcting the docket to reflect the date the records were filed in circuit court but noted that the circuit judge did not have jurisdiction to vacate the April 24, 2008 order and reconsider the AGFC's motion for summary judgment under Arkansas Rule of Civil Procedure 60 because this was not a correction of a clerical error and more than ninety days had passed since the order was entered. The AGFC was correct on this point. *See* Ark. R. Civ. P. 60(a) (imposing ninety-day limitation for correcting nonclerical errors or mistakes); *Wal–Mart Stores, Inc. v. Taylor,* 346 Ark. 259, 57 S.W.3d 158 (2001) (an erroneously entered order is not a clerical error).

The AGFC now contends on appeal to this court that the circuit judge erred by dismissing its consolidated appeal and by failing to grant its motion to vacate because it had shown through the exhibits attached to its motion to vacate and, specifically, through Davis's affidavit that a certified copy of the county-court record was filed within thirty days of each of the county judge's orders. Eddings responds that the circuit judge correctly dismissed the AGFC's appeal because the county clerk failed to properly certify the record and failed to place a file stamp on the record. Eddings further urges that the AGFC should not be allowed "to rehabilitate" its defective appeal through its exhibits and affidavits.

Rule 9 of the Arkansas District Court Rules, which also applies to county courts, governs appeals and provides at all times pertinent to this appeal as follows:

(a) Time for Taking Appeal. All appeals in civil cases from district courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within 30 days from the date of the entry of judgment. The 30–day period is not extended by a motion for judgment notwithstanding the verdict, a motion for a new trial, a motion to amend the court's findings of fact or to make additional findings, or any other motion to vacate, alter or amend the judgment.

(b) How Taken. An appeal from a district court to the circuit court shall be taken by filing a record of the proceedings had in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c) Unavailability of Record. When the clerk of the district court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the district court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the district court (or the district court) to prepare and certify the records thereof for purposes of appeal and that the clerk (or the court) has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the district court (or the court) and the adverse party.

Ark. Dist. Ct. R. 9 (2006).[4]

This court has made it clear that the requirements of Rule 9 are mandatory

4. This court recently amended Ark. Dist. Ct. R. 9 effective January 1, 2009. *See In re*

and jurisdictional. *See Ottens v. State*, 316 Ark. 1, 5, 871 S.W.2d 329, 331 (1994) ("[W]hen the time for filing an appeal is fixed by a rule or statute, the provision which limits the time is jurisdictional in nature."). If an appellant fails to comply with the requirements of Rule 9, the circuit court has no authority to accept the appeal. *Hawkins v. City of Prairie Grove*, 316 Ark. 150, 871 S.W.2d 357 (1994). Furthermore, this court requires strict compliance with Rule 9, and an appellant's failure to either file a certified copy of the record in the circuit court or file an affidavit stating that he or she has requested the district court clerk to prepare and certify the record and the clerk has neglected to do so within thirty days precludes the circuit court from acquiring jurisdiction over the appeal. *See J & M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001); *Pike Ave. Dev. Co. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001).

█ In the instant case, in his order dismissing the AGFC's appeal, the circuit judge stated that though the county court record made it to the circuit court file, there was no indication on the record or docket sheet *when* this was done. It is clear to this court that the circuit judge ruled as he did because of the absence of a file stamp on those documents. We, accordingly, begin our analysis with a determination of whether a file stamp was essential for a "filing" under these facts. We hold that it was not.

Over the years, our case law has discussed this very issue of whether the file stamp determines when a paper is filed. In 2004, we summarized our jurisprudence on this point in the case of *Republican Party of Garland County v. Johnson*:

It is true that there is caselaw to the effect that the file-stamp is merely "evidence of filing." *See, e.g., Stanislaus v. Austin*, 202 Ark. 441, 150 S.W.2d 610 (1941) ("[t]he act of leaving or depositing the paper in the proper office constitutes a filing of it"); *Westbrook v. McDonald*, 184 Ark. 740, 43 S.W.2d 356 (1931) ("while it is proper for an officer whose duty it is to receive and file an instrument in writing to indorse thereon the date of filing when he receives the instrument, such indorsement is not the filing, but is merely an evidence of filing, and that the instrument is filed when it is delivered to the officer at his office to be received by him and kept on file").

358 Ark. 443, 451, 193 S.W.3d 248, 254 (2004); *see also Henard v. St. Francis Election Comm.*, 301 Ark. 459, 784 S.W.2d 598 (1990) (clerk's testimony of receipt of a local-option petition in circuit clerk's office, though not file marked, constituted filing); *Tucker v. Batesville Motor Co.*, 203 Ark. 553, 157 S.W.2d 492 (1942) (delivery and receipt of record from justice-of-peace court without objection constituted filing); *Cf. White v. State*, 373 Ark. 415, 284 S.W.3d 64 (2008) (petitioner's notice of appeal timely where circuit clerk erred in failing to file the notice of appeal on the day received). Other general sources confirm this black-letter principle. *See* Black's Law Dictionary 660 (8th ed.2004) ("file, *vb.* 1. To deliver a legal document to the court clerk or record custodian for placement into the official record."); *Cf.* 16A Wright and Miller, *Federal Practice and Procedure* § 3949.1 (Juris. 4th 2009) ("if the notice is timely received by the clerk, the clerk's failure to formally "file" it within the time limit will not invalidate the appeal").

*Arkansas District Court Rules,* 374 Ark. App'x 653 (2008). Because the AGFC's attempted appeals occurred prior to the effective date of this revision, the prior version of Rule 9 applies in this case.

There is no question but that the docket sheet for the final order was lodged in the circuit clerk's office as of February 6, 2006, as evidenced by the county clerk's certification, which contains that date. This court has held that the docket sheet of district court proceedings constitutes the record for purposes of an appeal to circuit court, *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006), and that holding has now been incorporated into District Court Rule 9, effective January 1, 2009. Accordingly, the filing of that docket sheet as the record occurred in timely fashion.

We turn next to whether that docket sheet as the filed record was certified as required by Rule 9(b). We hold that it was. On the second page of the docket sheet which constitutes the record for the final order was this certificate:

STATE OF ARKANSAS)

COUNTY OF NEWTON)

I, DONNIE DAVIS, COUNTY & CIRCUIT CLERK WITHIN AND FOR THE COUNTY & STATE AFORESAID, DO HEREBY CERTIFY THAT THE ATTACHED AND FOREGOING INSTRUMENT OF WRITING IS A TRUE AND CORRECT COPY OF THE ORIGINAL INSTRUMENT AS THE SAME APPEARS OF RECORD IN RECORD BOOK _____ AT PAGE _____.

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL OF SAID COURT THIS THE 6TH DAY OF FEBRUARY, 2006.

/s/ Donnie Davis

COUNTY & CIRCUIT CLERK

This court has made it abundantly clear that the record must be certified at the time of filing. *See J & M Mobile Homes*, 347 Ark. at 130–31, 60 S.W.3d at 484. Here, that was done by the filing of the certified docket sheet. Because a certified copy of the record was filed in the office of the circuit court in timely fashion, the requirements of Rule 9(b) were met.

The concurring opinion correctly states that certification and filing are different procedures. But in this case, certification of the docket sheet occurred on February 6, 2006, which meant that the docket sheet had been received by the county-circuit clerk and, thus, filed. There is no certification stamp on the record dated February 8, 2006, since certification of the docket sheet had already taken place two days earlier. In short, February 6, 2006, was the date for both the certification of the docket sheet as the record and filing.

We recognize the unusual situation in this case where the county and circuit clerk are the same person and the office for filing is also the same. Accordingly, when the AGFC requested that the county court record be filed with the office of the circuit clerk, this was all handled administratively by Mr. Davis in his office. Again, the certification date on the docket sheet dated February 6, 2006, proves that this was done.

We want to emphasize that the holding in this case is limited to the lodging of a record under these facts where the county clerk and circuit clerk are one and the same, where time of delivery is evidenced by the certification stamp which is signed and dated by the county-circuit clerk, where the affidavit of the county-circuit clerk evidences the filing, and where the act of delivery and receipt of the record involves a transfer of a certified docket sheet within the same office.

Because we hold as we do that the appeal from county court to circuit court was perfected, we reverse the order of dismiss-

al by the circuit judge and remand for further proceedings.

Reversed and remanded.

CORBIN and WILLS, JJ., concur.

ELANA CUNNINGHAM WILLS, Justice, concurring.

I agree that the record was timely filed in this case, but differ with the majority opinion as to how or when this was accomplished. In my view, the evidence, in the form of an affidavit from the clerk, supports the conclusion that the Circuit/County Clerk filed the record in this case on February 8, 2006, rather than by certifying the docket sheet on February 6, as the majority concludes. The clerk stated that, as was his usual and customary procedure, he *"filed* the certified copy of the County Court record at about the same time" as he filed the notice of appeal and designation of the record. (Emphasis added.) The latter was accomplished at 1:29 p.m. on February 8, 2006.

As an initial matter, I disagree with the majority that the docket sheet was the "record" in this case. For this proposition, the majority cites *McNabb v. State,* 367 Ark. 93, 238 S.W.3d 119 (2006), which involved a district court appeal, rather than an appeal from county court. The docket sheet in the only document in the record, and the *McNabb* court took pains to point this out. 367 Ark. at 100, 238 S.W.3d at 124 (stating that the district court docket sheet "contained all of the information relating to the district court proceedings" that the "usual record" in district court "is the docket sheet … [b]ut … the record of proceedings must reflect all the proceedings, including all filed documents and motions, before the district court.") Because no other documents in *McNabb* were

marked as ever having been filed with the court, the docket sheet in that case *was the only* "record." *McNabb* did not hold that the docket sheet was the record in all cases. *See also* Reporter's Notes to former District Court Rule 9 (stating that "[t]he contents of the record need not be extensive for an appeal" but "[a]s as minimum … should reflect the claim form, the written answer or response, if any, the judgment of the court and any other writing or documents filed in the inferior court or offered in evidence").

My primary disagreement with the majority opinion, however, is with its conclusion that the appeal was perfected in this case when the docket sheet was "lodged in the circuit clerk's office on February 6, 2006, as evidenced by the certification, which contains that date." Certification is not the same as filing, and the previous version of Rule 9 specified that the record had to be *filed* with the circuit court within thirty days from the date of the entry of judgment. Here, counsel for the Game and Fish Commission faxed the clerk a letter on February 6, 2006, asking for the "preparation and certification" of the record. That preparation and "certification" of the record was accomplished on February 6, when the clerk stamped the second page of the docket sheet (the first document in the record), as having been "certified." [5] Counsel did not ask the clerk to "file" the record in the February 6 letter. Counsel for the Commission sent another letter dated February 7, 2006, by overnight delivery and asked in this letter for the clerk to *"please file* the original Notice of Appeal and Designation of the Record *along with the Certified Record of the County Court case* in the Newton County Circuit Court." (Emphasis added.) Extra copies of the notice of appeal were includ-

---

**5.** Counsel for the Commission noted in his affidavit attached to his motion to vacate that the docket sheet was the first page of the county court record.

ed for file-marking, but no request was made to return any proof of file-marking of the record. The "record" in this case was already in the hands of the county clerk, who also served as circuit clerk, and there was evidence that the record was "voluminous." Although the county clerk had previously "certified" the record on February 6 by placing his "County & Circuit Clerk" stamp on the record, he neglected, as circuit clerk, to file-stamp the record on February 8.

As the majority notes, our case law supports the proposition that when a document has, in fact, been received by the clerk, file-marking is not inexorable proof of the exact time of filing, but is only evidence of the time of filing. *Republican Party of Garland County v. Johnson,* 358 Ark. 443, 193 S.W.3d 248 (2004); *Henard v. St. Francis Election Comm.,* 301 Ark. 459, 784 S.W.2d 598 (1990); and *Tucker v. Batesville Motor Co.,* 203 Ark. 553, 157 S.W.2d 492 (1942).[6] Our rules have apparently not changed this common law pronouncement except with respect to orders and judgments, which are "entered" when stamped with the word "filed." *See* Ark. Sup.Ct. Admin. Order No. 2(b)(2). We have also allowed the testimony of the clerk to supply the actual date of filing. *See Henard, supra; Stanislaus v. Austin,* 202 Ark. 441, 150 S.W.2d 610 (1941) (citing *Buchanan v. Commercial Inv. Trust,* 177 Ark. 579, 7 S.W.2d 318 (1928)). Here, despite the lack of file-marking, the clerk stated in his affidavit that he "filed the certified copy of the County Court record" at about the same time as he filed the notice of appeal on February 8, 2006, at 1:29 p.m. In my view, under our case law, this is sufficient evidence that the record

was filed on February 8. This portion of the clerk's affidavit is unequivocal. I therefore concur in the majority's decision that the record, and thus the appeal, was timely filed.

I point out as a final matter, however, that we recently amended District Court Rule 9 to establish special procedures for taking an appeal from county court. *See* District Court Rule 9(e) (2009). The Reporter's Notes indicate why: "Former Rule 9 was written solely in terms of appeals from district court, and its requirements did not fit appeals from county courts well." The new rule permits a party to perfect a county court appeal by filing of a notice of appeal along with a certified copy of the county court order. In our age of fax machines, e-mail, and other electronic communications, it henceforth should be a simple matter for litigants to obtain a file-stamped copy of these documents in order to prove the timely perfecting of their appeals from county court to circuit court.

For the foregoing reasons, I concur in the opinion.

CORBIN, J., joins.

---

**6.** This same rule does not apply to allow a litigant to prove that a document has in fact been *received* by the clerk. *See Wandrey v. Etchison,* 363 Ark. 36, 210 S.W.3d 892 (2005) (where there was no evidence that a faxed notice of appeal had ever been received by the clerk's office, proof by way of a fax confirmation sheet and attorney's affidavit was not sufficient to prove filing).