SLIP OPINION
     Cite as 2016 Ark. App. 167



# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-15-764

| | |
|---|---|
| ALBERT LEROY COOTS<br>CAROLYN SUE COOTS<br><br>    APPELLANTS<br><br>V.<br><br>ALEJANDRO BANDERA<br>SUSAN BANDERA<br><br>    APPELLEES | **Opinion Delivered:** March 9, 2016<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO.CV-14-1527-5]<br><br>HONORABLE XOLLIE DUNCAN, JUDGE<br><br>REMANDED FOR SUPPLEMENTATION OF THE RECORD AND FOR SUPPLEMENTATION OF THE ADDENDUM |

## WAYMOND M. BROWN, Judge

Appellants appeal from the circuit court's grant of appellees' motion to dismiss their complaint. On appeal, they argue that the circuit court erred in failing to retroactively apply an amendment, effective July 1, 2014, to clarify Arkansas Rule of Civil Procedure 4(i). We are unable to address the merits of appellants' argument. We remand for supplementation of the record and for supplementation of the addendum.

Appellants were involved in a motor-vehicle collision with a vehicle owned by appellees, but driven by Marco Antonio Duran-Duran on August 22, 2009. Appellants filed their complaint on August 21, 2012. Appellants filed a motion for extension of time to complete service of the first complaint on December 11, 2012. The circuit court entered an order granting the motion on December 12, 2012, extending the time to perfect service until March 30, 2013. Appellants filed a second motion for extension of time.

Both the record and the addendum contain the circuit court's April 23, 2013 order granting appellants' second motion for extension of time to complete service, in which it granted an extension from March 30, 2013, to June 30, 2013. Both the record and the addendum contain the appellants' second motion for extension of time. However, neither the record copy of the second motion for extension of time, nor the addendum copy, is file-marked.[1] Accordingly, neither the addendum nor the record provide documentary proof of the date when appellants filed their second motion for extension of time.

Arkansas Supreme Court Rule 3-3 states that pleadings subsequent to the complaint and answer should appear in the record in chronological order.[2] Arkansas Supreme Court Rule 4-2(a)(8) states that the addendum shall include any pleading or document that is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.[3] It also states that each document in the addendum "must be a complete and legible copy of the original, clearly showing any file mark."[4]

---

[1] We further note that, while it would not in itself make the motion an official copy, there is a handwritten note on the copies stating that the motion was "fax filed[;]" however no date was provided.

[2] Ark. Sup. Ct. R. 3–3(6) (2015).

[3] Ark. Sup. Ct. R. 4-2(a)(8)(A)(i) (2015).

[4] Ark. Sup. Ct. R. 4-2(a)(8)(B). *See Spears v. Spears*, 2012 Ark. App. 181, at 3; *City of Centerton v. City of Bentonville*, 289 S.W.3d 474 (Ark. 2008) (per curiam granting petition for rehearing) ("[w]e also ask counsel to assure that documents have legible file marks. They should take particular care in assuring that all records and addenda contain copies of documents with legible file marks.")

The date of the second motion for extension of time is essential to the understanding of the appellants' sole point on appeal that the circuit court erred in failing to retroactively apply an amendment to Arkansas Rule of Civil Procedure 4(i). When a document has been received by the clerk, file-marking is not inexorable proof of the exact time of filing, but is the only evidence of the time of filing.[5] We find both the record and the addendum to be deficient so that we cannot reach the merits of the case. Accordingly, we remand for supplementation of the record, correcting the above-referenced deficiencies within thirty days. Additionally, we order appellant to submit a supplemental addendum correcting the above-referenced deficiencies within fifteen days from the date on which the supplemental record is filed. We encourage appellant's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the supplemental record and supplemental addendum comply with the rules and that no additional deficiencies are present.

Remanded for supplementation of the record and for supplementation of the addendum.

VAUGHT and HOOFMAN, JJ., agree.

*The Nixon Law Firm*, by: *Theresa L. Pockrus*, for appellant.

*Wilkinson Law Firm*, by: *Randall Wakefield*, for appellee.

---

[5] *Jewell v. Fletcher*, 2012 Ark. 132 (citing *Ark. Game & Fish Comm'n v. Eddings*, 2009 Ark. 359, at 13, 324 S.W.3d 328, 335).